THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANG W. MENDY,

                        Plaintiff,

     v.

RASIER LLC, *et. al.*,

                     Defendants.

CASE NO. C23-1470-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to remand and for leave to amend the complaint (Dkt. No. 10). Separately, Defendants Rasier LLC and Uber Technologies, Inc. move for a more definite statement (Dkt. No. 8). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion and GRANTS Uber's motion for the reasons explained below.

## I.    BACKGROUND

Plaintiff sued Rasier LLC and Uber Technologies, Inc. (collectively "Uber"), along with Lyft, Inc.[1] in King County Superior Court. (*See* Dkt. No. 1-2 at 4.) Plaintiff purports to bring at least four causes of action: (1) breach of contract; (2) wrongful termination under Title VII of the

---

[1] Lyft has not appeared in the lawsuit.

1   Civil Rights Act of 1964; (3) violation of RCW 48.30.015 (statutory bad faith); and

2   (4) unreasonable delay or denial of benefits pursuant to RCW 51.04 *et seq.* (Dkt. No. 1-2 at 5–

3   6.)² Uber removed Plaintiff's lawsuit to this Court under 28 U.S.C. §§ 1332, 1441 and 1446

4   (Dkt. No. 1.) In doing so, it asserted that Plaintiff is a citizen of Washington and that Defendants

5   are incorporated in Delaware, with their principal places of business in California. (Dkt. No. 1 at

6   2–3.)

7        Now, Plaintiff moves to remand and requests leave to amend to remove the wrongful

8   termination claim. (Dkt. No. 10.) Uber seeks a more definite statement of Plaintiff's claims,

9   arguing it is unclear what claims Plaintiff alleges, what factual allegations support any of the

10   potential claims, how Defendants' conduct caused Plaintiff's injuries, and which claims are

11   being directed at which defendant. (Dkt. No. 8 at 4.) Plaintiff has not responded to Uber's

12   motion.

13   **II.**   **DISCUSSION**

14        A.  <u>Motion to Remand and Amend</u>

15        The Court has subject matter jurisdiction over a case arising under the Constitution, laws,

16   or treaties of the United States, 28 U.S.C. § 1331, or one with an amount in controversy

17   exceeding $75,000, where there is complete diversity, 28 U.S.C. § 1332. As to the second

18   instance, when a plaintiff fails to plead a specific amount of damages, the defendant "must prove

19   by a preponderance of the evidence that the amount in controversy requirement has been met."

20   *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). To make this

21   determination, the Court should consider, in addition to the complaint itself, "facts in the

22   removal petition and . . . summary judgment-type evidence relevant to the amount in controversy

23   at the time of removal." *Id.* at 690 (quoting *Singer v. State Farm Mutual Ins. Co.*, 116 F.3d 373,

24   377 (9th Cir. 1997) (internal quotations omitted)). Once removed, a case can be dismissed and/or

25

26   ² Plaintiff also alleges a violation of "27 section 17200 of the Business and Professions Code," seemingly in reference to the California Business and Professions Code. (*Id.* at 5.)

remanded to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Here, the complaint is silent as to the amount in controversy. (*See generally* Dkt. No. 1-2.) What is clear is that this is a case involving a motor vehicle collision, during which Plaintiff was allegedly logged in to his Uber and Lyft accounts. (Dkt. No. 1-2 at 4.) And Uber asserts that, because Plaintiff alleges it failed to insure him through a policy providing up to $1,000,000 in liability coverage, the amount in controversy must exceed $75,000. (Dkt. No. 12 at 3.) To the Court this seems to be a logical leap too far. For this reason, it concludes that Uber fails to meet its burden of proving the amount in controversy exceeds $75,000, at least by a preponderance of the evidence. *See Singer*, 116 F.3d at 377 ("[R]emoval cannot be based simply upon conclusory allegations where the *ad damnum* is silent.").

Nonetheless, there exists a separate basis for the Court's jurisdiction. In his complaint, Plaintiff sued for wrongful termination in violation of Title VII of the Civil Rights Act of 1964. (Dkt. No. 1-2 at 5.) Because this is a claim arising under federal law, the Court has federal question jurisdiction. *See* 28 U.S.C. § 1331. As for the state law claims, the Court has supplemental jurisdiction to the extent they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Therefore, Plaintiff's request for remand is DENIED.

In the same motion, Plaintiff also asks the Court for leave to amend his complaint and withdraw the wrongful termination claim. (Dkt. No. 10 at 3.) Uber does not object. (*See generally* Dkt. No. 12.) Courts may grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Absent any apparent or declared reason, the leave sought should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, Plaintiff's request for leave to amend his complaint is GRANTED.

B. Motion for a More Definite Statement

A pleading must set forth: "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2)–(3). As a result, "[a] party may move for a more definite statement of a pleading . . . which is so

vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).[3] And although courts hold *pro se* plaintiffs to less stringent pleading standards than represented parties, *see Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), *pro se* plaintiffs must still comply with the rules of civil procedure, *see Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). That being said, courts may order *pro se* litigants to provide more definite statements rather than dismiss deficient complaints, *see, e.g.*, *Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 2 (D.D.C. 2007) (denying the defendants' motion to dismiss and granting the defendants' motion in the alternative for a more definite statement).

Here, the complaint does not comply with Rule 8. (*See* Dkt. No. 1-2.) It is unclear exactly what Plaintiff is alleging and how any of the facts in the complaint entitle Plaintiff to relief. *Id*. Essentially, it describes a motor vehicle collision, asserts Plaintiff was operating a motor vehicle while logged into Uber and Lyft, and summarizes the allegedly applicable insurance coverage from Defendants. (Dkt. No. 1-2 at 4–6.) But Plaintiff does not specify *what* each defendant allegedly did or did not do, *why* any of these acts or omissions were unlawful, or *why* this entitles Plaintiff to relief. (*See* Dkt. No. 1-2.) Nor does the complaint set forth separate individual factual allegations and legal arguments in a way that would enable each named defendant to respond to the claims against them. *See* Fed. R. Civ. P. 8(a). As a result, Defendants cannot reasonably prepare a response.[4] Therefore, Uber's motion for a more definite statement is GRANTED.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand and for leave to amend his complaint (Dkt. No. 10) is GRANTED in part and DENIED in part. Uber's motion for a more definite statement (Dkt. No. 8) is GRANTED. Plaintiff is ORDERED to file an amended complaint within 30 days from the date of this order. The amended complaint must: (1) set forth

---

[3] The party seeking a more definite statement must specify "the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

[4] Plaintiff has not filed an opposition to Uber's motion; the Court considers this as an admission that the motion has merit. *See* LCR 7(b)(2).

Plaintiff's factual allegations without accompanying legal argument in discrete numbered paragraphs; (2) set forth Plaintiff's legal claims against each named Defendant; and (3) specify the factual allegations relevant to each claim against each named Defendant. If Plaintiff fails to do so within the allotted time, the Court will then entertain Defendants' motion to dismiss—but not before then.

DATED this 3rd day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE