1
2
3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANG W MENDY,<br><br>                Plaintiff,<br><br>     v.<br><br>RASIER LLC, UBER TECHNOLOGIES INC, LYFT INC, ALLIANT INSURANCE SERVICES INC, ALLSTATE INSURANCE COMPANY,<br><br>                Defendants. | CASE NO. 2:23-cv-01470-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS (DKT. 46 AND 47), DISMISSING UNSERVED DEFENDANTS WITHOUT PREJUDICE, AND DIRECTING PARTIES TO SUBMIT UPDATED STATUS REPORT** |

Before the Court are two motions filed by Plaintiff regarding original service of process on Defendants Lyft Inc. and Alliant Insurance Services, Inc. Dkt. 46 and 47. For the reasons explained herein, the motions are **denied** and Defendants Lyft Inc. and Alliant Insurance Services, Inc. are **dismissed without prejudice**. Plaintiff and the remaining defendants are directed to submit an amended Joint Status Report to the Court by **May 31, 2024**.

<u>BACKGROUND</u>

On September 20, 2023, this case was removed from King County Superior Court. Dkt. 1. Plaintiff sued Uber Technologies Inc. ("Uber"), Raiser LLC ("Raiser") and Lyft Inc. ("Lyft") for personal injuries Plaintiff allegedly suffered in an automobile accident on September 1, 2019. Dkt. 1-2 (Complaint). At the time of the accident, Plaintiff was a driver for both Uber and Lyft. Dkt. 1-2, pp. 5-6. Plaintiff never served Lyft with original process and Lyft has never appeared.

On September 27, 2023, Rasier and Uber moved for a more definite statement. Dkt. 8. Plaintiff moved to remand or leave to amend. Dkt. 10. On November 3, 2023, the Court granted the motion for more definite statement and motion to amend. Dkt. 13. The Court noted Plaintiff had failed to comply with Rule 8 as it was unclear exactly what Plaintiff was alleging or how any of the facts in the complaint entitled him to relief. Dkt. 13, p. 4. The Court advised Plaintiff to specify what each defendant allegedly did or did not do, why these acts or omissions were unlawful, and why this entitled him to relief. *Id.*

On November 9, 2023, Plaintiff filed an Amended Complaint against Lyft, Rasier, and Uber. Dkt. 14. Plaintiff never effected service of process of the Amended Complaint on Lyft. On November 17, 2023, the parties filed a Joint Status Report consenting to the use of a Magistrate Judge. Dkt. 15. Uber noted that it and Plaintiff are named insureds under an insurance policy and as Plaintiff's claims are for underinsured motorist benefits under that policy, Uber is not a proper party. Dkt. 15, pp. 1-2. On November 21, 2023, Rasier and Uber filed a motion to dismiss. Dkt. 16. On December 11, 2023, Plaintiff filed a second motion for leave to amend and add Allstate Life Insurance as a defendant. Dkt. 21.

On December 27, 2023, this case was reassigned to the undersigned Magistrate Judge consistent with the parties' consent. Dkt. 24. On December 28, 2023, the Court granted Plaintiff leave to file a Second Amended Complaint containing all parties, facts, claims, and causes of action. Dkt. 25. Plaintiff filed two proposed amended complaints. Dkts. 27 and 28. Uber moved to strike both for failure to abide with the Court's Order or alternatively, for a more definite statement. Dkt. 31. The Court granted the motion for more definite statement, advised Plaintiff that he must file a complaint consistent with Fed. R. Civ. P. 8(a), and directed Plaintiff to include facts describing what the defendants did and how this caused him harm. Dkt. 33, pp. 2-3.

On February 3, 2024, Plaintiff filed a Second Amended Complaint naming Rasier, Uber, Lyft, Allstate, Alliant Insurance Services ("Alliant") and Mobilitas Insurance Company ("Mobilitas") as defendants. Dkt. 34. Plaintiff asserted claims under "RCW 19.86.093 and alleges Uber and other Defendants engaged in impermissible business practices, discriminated against Plaintiff, improperly denied Plaintiff certain employment benefits, and breached contracts and unlawfully terminated Plaintiff's employment." Dkt. 34 at 5. Plaintiff further alleged Uber and other Defendants improperly denied uninsured and underinsured insurance claims and violated Washington's unfair competition laws. *Id*. at 6.

On April 15, 2024, Plaintiff filed an Affidavit of Mailing of Summons and Second Amended Complaint to "ALL PARTIES." Dkt. 42. Plaintiff states he served the Summons and Second Amended Complaint via CM/ECF, email, and first-class mail through counsel for Defendants Rasier, Uber, and Allstate. *Id.* Plaintiff did not perfect original service on Defendants Lyft or Alliance. The Court reminded Plaintiff that, pursuant to Fed. R. Civ. P. 4(m), he is required to serve the Summons and Second Amended Complaint on these defendants within 90 days of filing the Second Amended Complaint. Dkt. 43. The Court advised Plaintiff that his failure to serve these defendants within 90 days would result in dismissal of the action without prejudice of the unserved defendants. The Court additionally advised Plaintiff that service of process on a corporation requires Plaintiff to deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Dkt. 43, pp. 1-2.

On May 10, 2024, Defendant Mobilitas entered a notice of appearance. Dkt. 45.

ORDER DENYING PLAINTIFF'S MOTIONS (DKT. 46 AND 47), DISMISSING UNSERVED DEFENDANTS WITHOUT PREJUDICE, AND DIRECTING PARTIES TO SUBMIT UPDATED STATUS REPORT - 3

1    To date, Defendants Lyft and Alliant have not been served with original process. On May

2    13, 2024, Plaintiff asked the Court to allow original service through CM/ECF, the Court's

3    electronic filing system and/or by "posting" a notice in the Clerk's office. Dkts. 46 and 47.

4                                    DISCUSSION

5    Plaintiff is requesting that he be relieved of his obligations of serving Defendants Lyft

6    and Alliant and that the Court deem he has perfected service under Fed. R. Civ. P. 5 by the filing

7    of the Second Amended Complaint through CM/ECF. Rule 5 involves the filing of pleadings

8    *after* service is perfected and is not designed to provide adequate notice of a lawsuit to an

9    unserved defendant. Similarly, Plaintiff's request to provide notice by "posting" the lawsuit in

10   the Clerk's office does not comport with constitutional notions of due process. Any method of

11   service must be "reasonably calculated, under all the circumstances, to apprise interested parties

12   of the pendency of the action and afford them an opportunity to present their objections." *Rio*

13   *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (quoting *Mullane v.*

14   *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). For these reasons, Plaintiff's

15   request to effect service of process on Lyft and Alliant through means other than those allowed

16   under the federal rules is **denied**. The Court also finds dismissal of Lyft and Alliant from this

17   action is appropriate due to Plaintiff's failure to effect service of process.

18   Plaintiff filed his Second Amended Complaint on February 3, 2024. Dkt. 34. Plaintiff has

19   been given more than ample opportunity and direction to complete service of process on

20   Defendants Lyft and Alliant. In fact, Plaintiff named Defendant Lyft in his original complaint

21   filed on August 21, 2023, but never completed service of process on Lyft. As recently as last

22   month, the Court explained to Plaintiff that it is his responsibility to serve the summons and

23   Third Amended Complaint within the time allowed under Rule 4(m). The Court also explained

ORDER DENYING PLAINTIFF'S MOTIONS (DKT. 46 AND
47), DISMISSING UNSERVED DEFENDANTS WITHOUT
PREJUDICE, AND DIRECTING PARTIES TO SUBMIT
UPDATED STATUS REPORT - 4

1    to Plaintiff that service of a corporation must be accomplished by delivering a copy of the

2    summons and complaint to an officer, managing or general agent, or other agent authorized by

3    law to receive service of process, and that Plaintiff's failure to properly serve the remaining

4    defendants in a timely and proper manner would result in dismissal by the Court. Dkt. 43, pp. 1-2

5    (citing Fed. R. Civ. P. 4(h)(1)(B)).

6         Here, there is no evidence Defendants Lyft or Alliant received actual notice of the lawsuit

7    or that serving them by Plaintiff's proposed unauthorized methods of service will satisfy due

8    process concerns. Proper service of process is required and is essential as "service of process is

9    the means by which a court asserts its jurisdiction over the person." *SEC v. Ross*, 504 F.3d 1130,

10   1138 (9th Cir.2007). "[I]n the absence of proper service of process, the district court has no

11   power to render any judgment against the defendant's person or property unless the defendant

12   has consented to jurisdiction or waived the lack of process." *Id*. at 1138–39. Thus, this Court

13   lacks jurisdiction over Lyft and Alliant in this action.

14        Dismissal of Lyft and Alliant is appropriate based on Plaintiff's failure to properly serve

15   them in a timely manner or show good cause for this failure. *See* Fed. R. Civ. P. 4(m) (90-day

16   time limit for service unless the plaintiff shows good cause); *In re Sheehan*, 253 F.3d 507, 512

17   (9th Cir. 2001) (setting forth factors for dismissal under Rule 4(m)).

18        Dismissal of Defendant Alliant is also appropriate on the grounds Plaintiff has failed to

19   state a claim against Alliant pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed

20   under Fed. R. Civ. P. 12(b)(6), if when accepting all allegations as true, fails to state a claim

21   which is plausible on its face, upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662,

22   678 (2009); *Lacey v. Maricopa County*, 693 F.3d 896, 907 (9th Cir. 2012). Dismissal is

23   appropriate "as a matter of law for a '(1) lack of a cognizable legal theory or (2) insufficient facts

ORDER DENYING PLAINTIFF'S MOTIONS (DKT. 46 AND
47), DISMISSING UNSERVED DEFENDANTS WITHOUT
PREJUDICE, AND DIRECTING PARTIES TO SUBMIT
UPDATED STATUS REPORT - 5

1  under a cognizable legal claim.'" *Smilecare Dental Group v. Delta Dental Plan of Cal. Inc.*, 88

2  F.3d 780, 783 (9th Cir. 1996). "[C]onclusory allegations of law . . . are insufficient to defeat a

3  motion to dismiss." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

4         Plaintiff's Second Amended Complaint is completely devoid of factual allegations as to

5  Defendant Alliant. Throughout this action, the Court has directed Plaintiff to provide sufficient

6  facts from which the intended defendants can understand they are being sued so that they may

7  file a responsible pleading. Plaintiff has also been admonished that his failure to amend his

8  pleading in accordance with the rules and the Court's prior orders may result in dismissal. *See*

9  *e.g.*, Dkt. 33, pp. 2-3.

10        Accordingly, it is **ORDERED**:

11        (1)    Plaintiff's requests for alternate service (Dkts. 46 and 47) are **DENIED**;

12        (2)    Defendants Lyft Inc. and Alliant Insurance Services, Inc. are **DISMISSED** from

13  this action **without prejudice**.

14        (3)    No further amendments to Plaintiff's complaint will be allowed.

15        (4)    The parties shall confer and submit an amended Joint Status Report to the Court

16  by **May 31, 2024**.

17        DATED this 15th day of May, 2024.

18

19  _____

20  BRIAN A. TSUCHIDA
    United States Magistrate Judge

21

22

23

ORDER DENYING PLAINTIFF'S MOTIONS (DKT. 46 AND
47), DISMISSING UNSERVED DEFENDANTS WITHOUT
PREJUDICE, AND DIRECTING PARTIES TO SUBMIT
UPDATED STATUS REPORT - 6