UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANG W. MENDY,<br><br>                    Plaintiff,<br><br>     v.<br><br>RASIER LLC, UBER TECHNOLOGIES INC, ALLSTATE INSURANCE COMPANY,<br><br>                    Defendants. | CASE NO. 2:23-cv-01470-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS OR ALLOW ARBITRATION, DKT. 90.** |

On September 25, 2024, the Court granted Defendant Allstate Insurance Company's ("Allstate") Motion to Dismiss. Dkt. 89. In response to the dismissal order, Plaintiff now moves the Court to "stay all proceedings Rule 62. Or in the alternative allow arbitration base on Section 3 of the Federal Arbitration Act." Dkt. 90 at 1.

Federal Rule of Civil Procedure 62 provides no basis to stay the Court's order dismissing Plaintiff's claims against Allstate. Under Rule 62(b) a party may obtain a stay by providing a bond or other security after judgment is entered. However, stays under Rule 62(b) apply only to money judgments, and is thus presently inapplicable. *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). Rule 62 also addresses stays related to injunctions which is also inapplicable here.

**ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS OR ALLOW** ARBITRATION, DKT. 90. - 1

The Court also finds no basis to grant Plaintiff's request to allow arbitration. The Court has dismissed Plaintiff's claims against Allstate, and there is thus nothing to arbitrate. Moreover, Plaintiff has throughout this litigation opposed arbitration. *See* Second Amended Complaint, Dkt. 34 at 2 ("Plaintiff never say, reviewed, received, submitted, agreed, consented or signed-electronically, manually or otherwise-any Arbitration Agreement, contract Dispute Arbitration Policy, and opposed any or future motion to compel Arbitration and hereby requests for trial by jury.").

To the extent Plaintiff seeks reconsideration of the Court's order dismissing his claims against Allstate, the Court declines to grant reconsideration. Motions for reconsideration are disfavored and will be denied absent (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. CR 7(h)(1). A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with the order of dismissal is not grounds for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Here, Plaintiff presents nothing showing manifest error, or facts or legal authority which could not have been presented earlier. Thus, there is no basis to grant reconsideration of the order of dismissal.

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff's motion to stay proceedings under Rule 62, or to allow arbitration, Dkt. 90, is **DENIED**.

2. To the extent Plaintiff seeks reconsideration of the Order Granting Allstate's Motion to Dismiss (Dkt. 89), reconsideration is **DENIED**.

3. The Clerk shall enter judgment dismissing Plaintiff's action against Defendant Allstate, with prejudice.

4. The Clerk shall provide a copy of this Order to all parties.

DATED this 30th day of September, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge